IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NIKKI JO MILLER                                    PLAINTIFF

V.                        NO. 12-5044

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Nikki Jo Miller, brings this action pursuant to 42 U.S.C. § 405 (g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

## I.      Procedural Background:

Plaintiff previously received SSI benefits from 2002 to 2005, and they were ceased based upon her husband's income. (Tr. 119). Plaintiff protectively filed an application for SSI benefits on January 12, 2007.  (Tr. 77).  Plaintiff alleged the conditions that limited her ability to work were "Legally blind diabetic neuropathy fibromyalgia heart prob." (Tr. 106).  Because Plaintiff was still married at the time of her application and her husband's income exceeded the limit for SSI, Plaintiff's application was restricted to February 1, 2007. (Tr. 78).  A hearing was held on

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner  Michael J. Astrue as the defendant in this suit.

-1-

October 21, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 16-32, 454-470). By written decision dated January 28, 2009, the ALJ found that Plaintiff was not disabled, as she could perform work existing in significant numbers in the national economy. (Tr. 35-47). After the Appeals Council denied Plaintiff's request for review (Tr. 441-444), Plaintiff appealed the ALJ's decision to this Court. On March 31, 2010, upon Defendant's Unopposed Motion to Remand, the Court remanded the case in order for the ALJ to further evaluate the additional medical reports dated February 2009 and March 2009, and to obtain medical expert testimony. Miller v. Astrue, No. 09-5232, March 31, 2010 (Doc. 8)(Tr. 445-447).     On February 19, 2010, Plaintiff protectively filed an application for SSI, alleging an inability to work since January 1, 1991, due to "1. Legally blind in both eyes; 2. Diabetic; 3. Fibromyalgia; 4. Degenerative bone and joint disease; 5. Neuropathy; 6. 2 herniated disc and wedge vertebrae; 7. Have had a double bypass on heart." (Tr. 617, 622). An administrative hearing was held by video on June 28, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 373). The ALJ advised that he was combining Plaintiff's two claims into one. (Tr. 401).

By written decision dated November 3, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - insulin-dependent diabetes mellitus, status post coronary artery bypass graft (CABG), disorder of the lumbar spine, obesity, ischemic heart disease, coronary artery disease, vision loss, cataracts, chronic obstructive pulmonary disease (COPD), depression, mood disorder and posttraumatic stress disorder. (Tr. 375). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the listing of Impairments found in Appendix I, Subpart P, Regulation No.

-2-

4. (Tr. 376).  The ALJ found Plaintiff retained the following residual functional capacity (RFC):

> From March 2005 to February 2009 the claimant had the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) with no more than frequent pushing and pulling with the upper and lower extremities; occasional postural maneuvers such as stooping, kneeling, crouching, crawling and climbing ramps and stairs; no more than frequent balancing; must avoid climbing ladders, ropes and scaffolds; and was limited to no more than frequent fingering, handling, overhead reaching and feeling. The claimant needed to avoid unprotected heights, hot and cold temperature extremes; moderate exposure to dangerous machinery, vibration, extreme wetness and humidity. The claimant was limited to occupations that do not require more than frequent depth perception, near, far peripheral visual acuity, or any operation of a motor vehicle. The claimant was limited to simple, routine, repetitive tasks, not performed in a fast-paced production environment, or as an integral part of a team; and is limited to no more than occasional interaction with supervisors. Since February 2009 to present, the claimant additionally, must avoid even moderate exposure to fumes, odors, dusts, gases and environments with poor ventilation.

(Tr. 379).  With the help of a vocational expert (VE), the ALJ determined Plaintiff had no past relevant work, but would be able to perform other jobs such as collator operator, photocopy machine operator, and folding machine operator.  (Tr. 390).  The ALJ's November 3, 2011 decision on remand became the final decision of the Commissioner.  Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties.  (Doc. 3). Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 7, 8 ).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

AO72A
(Rev. 8/82)

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.

3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports

the Commissioner's decision, the Court may not reverse it simply because substantial evidence

exists in the record that would have supported a contrary outcome, or because the Court would

have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In

other words, if after reviewing the record, it is possible to draw two inconsistent positions from

the evidence and one of those positions represents the findings of the ALJ, the decision of the

ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden

of proving her disability by establishing a physical or mental disability that has lasted at least one

year and that prevents her from engaging in any substantial gainful activity.  Pearsall v.

Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A),

1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results

from anatomical, physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3),

1382(3)(D).  A Plaintiff must show that her disability, not simply her impairment, has lasted for

at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation

process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or

-4-

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III.    Discussion:

Plaintiff raises three arguments on appeal: 1) The Defendant erred in failing to consider all of the claimant's impairments in combination; 2) The Defendant erred in his analysis and credibility findings in regard to the Plaintiff's subjective complaints of pain; and 3) Defendant erred in finding that Plaintiff retained the RFC to perform less than a full range of light work. (Doc. 7).

Plaintiff previously received SSI between April 2002 and July 2005, which was ceased due to her husband's income. (Tr. 119). She and her husband were divorced on July 27, 2007. (Tr. 22). Plaintiff contends that her condition worsened since she stopped receiving payments. (Tr. 22).

### A.    Combination of Impairments:

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 374).  He also stated that an impairment or combination of impairments was "not severe" when medical and other evidence established only a slight

AO72A
(Rev. 8/82)

abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 374). The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 374). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 376). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

In addition, the ALJ considered the entire record and carefully discussed each of Plaintiff's alleged impairments. He found there was no evidence to support the alleged neuropathy or fibromyalgia or transient ischemic attack. He properly gave significant weight to the medical expert, Dr. Anne Winkler, who was asked to review Plaintiff's file and gave her opinion on March 8, 2011. (Tr. 841-843, 884, 849). Dr. Winkler is board certified in internal medicine and rheumatology, and concluded that there was no evidence to support a diagnosis of fibromyalgia or neuropathy, or that Plaintiff was legally blind. (Tr. 841-842).

The Court finds there is substantial evidence to support the fact that the ALJ considered Plaintiff's impairments singly and in combination.

**B. Credibility Findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating

-6-

factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ carefully considered all of the above factors in his detailed analysis. More specifically, the ALJ specifically set forth "credibility findings" in great detail. (Tr. 386-387). With respect to Plaintiff's daily activities, the ALJ acknowledged that Plaintiff described her daily activities as fairly limited. However, he also found that there were two factors which weighed against considering her allegations to be strong evidence in favor of finding the Plaintiff disabled: 1) the fact that the limited daily activities could not be objectively verified with any reasonable degree of certainty; and 2) it was difficult to attribute that degree of limitation to Plaintiff's medical condition, as opposed to other reasons, in light of the objective medical evidence and other factors discussed. (Tr. 386).

The ALJ also considered Plaintiff's medications, noting that most of Plaintiff's conditions were treated with medications, and that Plaintiff had good results when medication compliant. (Tr. 387). There are several times in the record where Plaintiff was noted as not being medically compliant. (Tr. 24, 130, 140, 158, 420, 662, 863, 867 ). A claimant's failure to follow a recommended course of treatment weighs against the claimant's credibility. Wagner v. Astrue, 499 F.3d 842, 851 (8th Cir. 2007); see Wildman v. Astrue, 596 F.3d 959, 965 (8th Cir.

-7-

2010).  In addition, although Plaintiff reported she needed assistive devices to get around, none of them were prescribed by a doctor.  The ALJ also stated that Plaintiff had a history of exaggerating her medical condition, such as reporting that she was legally blind, had two herniated discs, and peripheral neuropathy.  (Tr. 387).

Further, as noted by Defendant, Plaintiff failed to take responsibility for her criminal convictions for theft of public benefits and bad checks, which is relevant to Plaintiff's credibility.

Plaintiff makes the argument that she should be found credible because she was previously found to be credible when she was granted SSI, and that her testimony has expanded rather than changed.  (Doc. 7 at p. 21).  However, the new disability determination is to be made "without drawing inference from the prior determination."  See Wilson v. Barnhart, 188 Fed. Appx. 556, 557-558 (8th Cir. 2006)(quoting Ply v. Massanari, 251 F.3d 777, 778 (8th Cir.2001).  In this case, the ALJ's adverse credibility finding is supported by good reasons and substantial evidence and is therefore entitled to deference.

The Court finds there is substantial evidence to support the ALJ's credibility findings.

**C.     RFC Findings:**

RFC is the most a person can do despite that person's limitations.  20 C.F.R. §404.1545(a)(1).  It is assessed using all relevant evidence in the record.  Id.  This includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."

-8-

Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).   Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace."  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).   "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In this case, the ALJ discussed at length the various medical opinions given by medical providers in the case. (Tr. 387-389).  On March 14, 2007, Dr. John Garrett conducted a General Physical Examination on Plaintiff.  He found that Plaintiff's extremities had normal range of motion and that she could not walk on her heel and toes or squat and arise from a squatting position.  (Tr. 245-246).  Dr. Garrett concluded that Plaintiff had a marked limitation in her ability to walk, stand, sit, lift, carry, handle, and see.  (Tr. 248).  The ALJ gave Dr. Garrett's opinion little weight, noting that his orthopedic exam showed a full range of motion and negative straight leg raising.  The ALJ correctly concluded that Dr. Garrett's opinion appeared to be based on Plaintiff's report of her symptoms during the one-time examination without benefit of the objective tests and findings shown elsewhere in her medical record.

The ALJ also discussed the more recent March 8, 2011, medical opinion of Dr. Anne Winkler, board certified in Internal Medicine and Rheumatology, who opined that from March 2005 to February 2009, Plaintiff was limited to a range of light work with lifting/carrying up to 20 pounds frequently; standing/walking 6 hours total in an 8 hour workday; sitting 8 hours total in an 8 hour workday; with no more than frequent pushing and pulling with the upper and lower extremities; occasional postural maneuvers such as stooping, kneeling, crouching, crawling and climbing ramps and stairs; no more than frequent balancing; must avoid climbing ladders, ropes

-9-

and scaffolds; and was limited to no more than frequent fingering, handling, overhead reaching and feeling.  Dr. Winkler also concluded that Plaintiff also needed to avoid unprotected heights, hot and cold temperature extremes; moderate exposure to dangerous machinery, vibration, extreme witness and humidity.  She confirmed a visual impairment, and indicated that Plaintiff could avoid ordinary hazards and determine differences in shape and color of small objects consistent with a limitation to occupations that do not require more than frequent depth perception, near, far peripheral visual acuity, or any operation of a motor vehicle.  (Tr. 844-848).  For the time period of February 2009 to present, Dr. Winkler limited the claimant to those same restrictions except she changed the lifting/carrying 11-20 pounds to occasional, and lifting/carrying up to 10 pounds remained at frequent.

The ALJ gave significant weight to Dr. Winkler, noting that she had access to the majority of Plaintiff's medical records, that she was board certified in Internal Medicine and Rheumatology, and that her opinion was supported by the record and consistent with the longitudinal evidence.

Subsequent to Dr. Winkler's opinion, Plaintiff was diagnosed with moderate COPD, and the ALJ therefore included in his RFC assessment the limitation that Plaintiff must avoid even moderate exposure to fumes, odors, dusts, gases and environments with poor ventilation.  (Tr. 379, 388).

With respect to Plaintiff's mental impairments, the ALJ discussed the findings of Dr. Denise LaGrand, Dr. Brad Williams, and Dr. Stephen Scher.  Dr. LaGrand met with Plaintiff on June 15, 2007, and stated that no significant mental/emotional symptoms that significantly interfered with functioning were reported. (Tr. 279).  Dr. Williams reviewed the medical records

-10-

and completed a Psychiatric Review Technique form and Mental RFC Assessment form on July 22, 2007. (Tr. 284-296, 298-299). Dr. Williams concluded that Plaintiff would be able to perform work where interpersonal contact was incidental to the work performed, e.g. assembly work; where complexity of the task was learned and performed by rote; with few variables, little judgment; and where supervision required was simple, direct and concrete. (Tr. 299). On May 12, 2010, a Psychiatric Review Technique form was completed by Dr. Scher, who found that from January 24, 2009 to the present, Plaintiff's mental impairment was not severe. (Tr. 800). He opined that Plaintiff's mental condition was stable on medication at that time and therefore was non-severe. (Tr. 809).

The ALJ gave Dr. LaGrand's opinion considerable weight, as it was "well supported by her findings on examination and consistent with record." (Tr. 388). He gave Dr. Williams' opinion significant weight, as it was "well supported and consistent with the longitudinal history of Plaintiff's mental impairment." (Tr. 389). The ALJ gave Dr. Scher's opinion partial weight. Dr. Scher concluded that Plaintiff's mental impairment was not severe. Although the ALJ stated that Dr. Scher's conclusion had support from Plaintiff's noted improvement and control of symptoms with medication and limited treatment recently, he found Dr. Williams' opinion more consistent with Plaintiff's overall functioning. (Tr. 388-389). The ALJ also gave the GAF scores of 50-60 and 40 consideration, and determined that the scores lacked support from the evidence considered as a whole.

Based upon the foregoing, and for those reasons given in Defendant's well-reasoned brief, the Court finds there is substantial evidence to support the ALJ's RFC assessment.

-11-

AO72A
(Rev. 8/82)

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The Plaintiff's Compliant should be, and is hereby dismissed with prejudice.

IT IS SO ORDERED this 8th day of April, 2013.




/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-12-